

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-28-2006

# Hemingway v. Falor

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4680

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Hemingway v. Falor" (2006). 2006 Decisions. Paper 409.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/409

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-4680
_____

CHARLES HEMINGWAY,

Appellant,

v.

STANLEY FALOR, medical director and physician; CHARLES ROSSI, administrator;
MORRIS HARPER, physician; ROBERT SOLARCZYK, physician assistant; GINA
CERASO, physician assistant
_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 01-cv-01520)
District Judge: Honorable Alan N. Bloch
_____

Submitted Under Third Circuit LAR 34.1(a)
SEPTEMBER 22, 2006
Before:    MCKEE, FUENTES AND NYGAARD, Circuit Judges.

(Filed:  September 28, 2006)
_____

OPINION
_____

PER CURIAM

        Charles Hemingway, a prisoner proceeding pro se, filed a complaint in the

United States District Court for the Western District of Pennsylvania.  Hemingway's

complaint arises from facts alleged while he was imprisoned at SCI-Greene.[1]

Hemingway's complaint alleges that the Defendants violated his Eighth Amendment

rights when they provided him with inadequate medical care.[2] He sued Charles Rossi,

medical administrator of SCI-Greene, Stanley Falor, medical director of SCI-Greene,

Morris Harper, a physician at SCI-Greene, and Gina Ceraso and Robert Solarczyk,

physicians' assistants at SCI-Greene. Hemingway states that his rights were violated

when (1) his liver biopsy was cancelled due to its cost (Claim I); (2) he was prescribed

Lipitor® (Claim II); (3) he was not provided adequate medical care (Claim III); and (4)

he was not allowed to get medical treatment outside of the prison (Claim IV).[3]

Rossi filed a motion to dismiss the claims pursuant to Federal Rule of Civil

Procedure 12(b)(6). The District Court granted the motion. Subsequently, Hemingway

attempted to amend the complaint with respect to the claims against Rossi. The District

Court denied Hemingway's motion to amend the complaint with respect to Rossi.

Ceraso, Falor, Harper and Solarczyk separately filed a motion to dismiss and/or for

summary judgment. The District Court treated the motion as a motion to dismiss and

---

[1] Hemingway is now imprisoned at SCI-Graterford.

[2] Hemingway also asserted state law negligence/medical malpractice claims against all of the Defendants. Hemingway does not make any argument that the District Court improperly disposed of any of these claims. Therefore, Hemingway has waived any argument with respect to the disposition of these state law claims. See e.g. Harvey v. Plains Twp. Police Dep't, 421 F.3d 185, 192 (3d Cir. 2005).

[3] Hemingway brought Claim I against Falor and Rossi, Claim II against Ceraso and Claims III and IV against Falor, Harper, Rossi and Solarcyzk.

granted it with respect to Ceraso and denied it with respect to the remaining Defendants. Subsequently, Defendants Falor, Harper and Solarczyk moved for summary judgment, which was granted. Hemingway appeals the District Court orders granting Rossi and Ceraso's motions to dismiss, its order denying his motion to amend the complaint with respect to Rossi and the order granting summary judgment in favor of Falor, Harper and Solarczyk.

We review the order granting summary judgment in favor of Falor, Harper and Solarcyzk de novo. See McGreevey v. Stoup, 413 F.3d 359, 363 (3d Cir. 2005). Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Saldana v. K Mart Corp., 260 F.3d 228, 232 (3d Cir. 2001); FED. R. CIV. P. 56(c). We review an order granting a motion to dismiss de novo. See Santiago v. GMAC Mortg. Group, Inc., 417 F.3d 384, 386 (3d Cir. 2005). In deciding a motion to dismiss, a court must determine whether the party making the claim would be entitled to relief under any set of facts that could be established in support of his claim. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). We review the denial of a motion to amend the complaint for abuse of discretion. See Garvin v. City of Phila., 354 F.3d 215, 219 (3d Cir. 2003)(citations omitted). Federal Rule of Civil Procedure 15(a) provides that leave to amend a complaint shall be freely given when justice so requires. "Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility." Shane v. Fauver, 213 F.3d 113,

3

115 (3d Cir. 2000).

In order to establish a violation of his constitutional right to adequate medical care, a prisoner must show that a prison official acted with deliberate indifference to a serious medical need of the prisoner. See Natale v. Camden County Corr. Facility, 318 F.3d 575, 582 (3d Cir. 2003). Deliberate indifference to a serious medical need of a prisoner constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). This Eighth Amendment standard requires a two-prong inquiry. First, a plaintiff must first make an objective showing that he has a serious medical need. See Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002). Next, a prisoner must make a subjective showing that the prison official knew of and disregarded an excessive risk to the inmate's health or safety. See Natale, 318 F.3d at 582 (citation omitted). Allegations of medical malpractice are not sufficient to establish an Eighth Amendment violation for inadequate medical care. See Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004)(citations omitted). Furthermore, mere disagreement regarding the proper medical treatment is insufficient to establish a constitutional claim. See id. (citation omitted).

We will first review the District Court's grant of summary judgment in favor of Falor, Harper and Solarczyk. With respect to Falor and Claim I, the record shows that there was a medical disagreement as to whether a liver biopsy was necessary to treat Hemingway's liver condition. While a liver biopsy was initially approved in late 1996, it was subsequently seen as unnecessary to treat Hemingway's liver condition.

4

This disagreement regarding the necessity of the liver biopsy does not state an Eighth Amendment claim. See Spruill, 372 F.3d at 235 (stating that mere disagreement as to the proper medical treatment is insufficient to state an Eighth Amendment claim). Thus, summary judgment was properly entered in favor of Falor on Claim I.

In Claims III and IV, Hemingway asserted that his Eighth Amendment rights were violated by Falor, Harper and Solarczyk when he was not provided adequate medical care and/or referred to outside medical personnel for treatment. The report and recommendation adequately addressed the factual predicate underlying these two claims. Upon reviewing the record, we agree with the District Court's conclusions. Summary judgment was properly entered in favor of Defendants Falor, Harper and Solarcyzk. See Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979)(stating that court will generally disavow an attempt to second-guess the adequacy of a particular course of treatment which remains a question of professional judgment); see also Estelle, 429 U.S. at 105-07 (stating that evidence which only shows that an inmate disagrees with a diagnosis or course of treatment is insufficient to state an Eighth Amendment claim).

Next, we will examine the District Court's dismissal of the claims against Ceraso and Rossi. With respect to Ceraso, Hemingway noted two instances in which Ceraso purportedly violated his Eighth Amendment rights by prescribing Lipitor®, April 24, 2000 and July 21, 2000 respectively. With respect to the first prescription, Hemingway alleged that Ceraso prescribed Lipitor® without taking a medical history or reviewing his medical records. He asserted that Lipitor® is a contraindicated drug with

5

his liver condition.  Furthermore, he asserted that ingesting the drug caused him severe pain and discomfort, cumulating in an incident on June 10, 2000, in which he suffered from internal bleeding, liver and side pain as well as blood flow from the mouth, among other ailments.  The District Court found that Hemingway's allegations with respect to this prescription failed to allege deliberate indifference on the part of Ceraso.  We agree.[4] As noted by the District Court, Lipitor® is not banned from being prescribed to patients who have liver conditions.  Rather, it should only be used with caution in patients who have a history of liver disease.  See Compl. at Ex. A.  Hemingway had high cholesterol levels and was treated with Lipitor® as early as 1997.  At most, this failure to review Hemingway's medical records constituted negligence on the part of Ceraso and does not state an Eighth Amendment claim.  See Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999).

Hemingway also alleged that Ceraso attempted to prescribe Lipitor® on July 21, 2000.  According to the complaint, Ceraso was not aware of the June 10, 2000 incident.  She asked Hemingway about the incident because she did not want to go through his medical file.  Hemingway admits to not taking the Lipitor® from this prescription.  Thus, it follows that Hemingway has not stated an Eighth Amendment claim because his refusal to take the drug eliminated the possibility of the drug causing a

---

[4] The District Court failed to consider Hemingway's state law claim against Ceraso. However, because Hemingway did not make any argument with respect to this claim in his objections to the report and recommendation or in his brief to this Court, any argument Hemingway might have is deemed waived.  See Harvey, 421 F.3d at 192.

serious medical need (i.e., the Lipitor® causing a reaction similar to the June 10, 2000 incident). See Estelle, 429 U.S. at 104 (stating that deliberate indifference constitutes the unnecessary wanton infliction of pain).

Next, we will examine whether the District Court properly dismissed the claims against Rossi. To decide a motion to dismiss, a court generally should consider "only the allegations in the complaint, exhibits attached to the complaint, matters of public record and documents that form the basis of the claim." Lum v. Bank of Am., 261 F.3d 217, 222 (3d Cir. 2004). If a court considers other matters, a motion to dismiss should be converted to a motion for summary judgment. See Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1197 (3d Cir. 2003). Reliance on declarations from prison officials or administrators requires conversion. See Camp v. Brennan, 219 F.3d 279, 280 (3d Cir. 2000). If a motion to dismiss is converted into a motion for summary judgment, the court must provide notice and an opportunity to oppose the motion. See Hancock Indus. v. Schaeffer, 811 F.2d 225, 229 (3d Cir. 1987). However, the failure to give notice constitutes harmless error if there is no set of facts on which a party may recover. See id.

With respect to Claim I, Hemingway alleged the liver biopsy was cancelled due to its cost. The District Court then examined Hemingway's administrative grievances which Hemingway attached to the complaint to show that he had exhausted his administrative remedies. Rossi responded on these grievances and stated that only Falor had the authority with respect to Hemingway's treatment. The District Court dismissed

7

Claim I due to Rossi's lack of authority over the cancelled liver biopsy.

By utilizing the responses from Rossi on these grievances, the District Court implicitly converted Rossi's motion to dismiss into a motion for summary judgment on this claim. The District Court failed to give notice to Hemingway of this conversion. However, we find that this error was harmless. As noted previously, Hemingway brought Claim I against both Rossi and Falor. Falor's motion to dismiss was denied and the claim moved forward into discovery. Ultimately, summary judgment was entered in favor of Falor on Claim I. As previously noted, the record shows that the liver biopsy was cancelled after it was determined that it was not necessary to treat Hemingway's liver condition. Thus, failure of the District Court to properly convert Rossi's motion was harmless error because he could not show any set of facts upon which he could recover. See id.

While the District Court improperly converted Rossi's motion to dismiss into a motion for summary judgment on Claim I, it properly dismissed Claims III and IV against Rossi. Unlike Claim I, Hemingway did not allege that Rossi specifically interfered with his medical treatment under Claims III and IV. The complaint noted that Hemingway was receiving treatment by the medical personnel of SCI-Greene. Rossi, as medical administrator of the prison, was not deliberately indifferent to Hemingway's serious medical needs because he was already being treated by prison medical staff. See Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993).

Next, we find that the District Court did not abuse its discretion in denying

8

Hemingway's motion to amend the complaint with respect to Rossi. Hemingway's proposed amendments focused on Claims III and IV. These amendments were futile because Hemingway admitted receiving medical care from prison medical staff. See Durmer, 991 F.2d at 69.

In conclusion, we will affirm the District Court's rulings. Finally, Hemingway filed a motion in this Court ("reply motion"), in which he made two arguments. this Court. First, he argued that any argument made on behalf of Ceraso should be disregarded because she was not included on counsel's appearance form in this Court. This argument is now moot because counsel has entered an appearance for Ceraso. Second, Hemingway argued that the Defendants failed to include a corporate disclosure statement pursuant to Federal Rule of Civil Procedure 26.1. This argument is without merit as all of the Defendants in this appeal are individuals, not corporate entities. Because the arguments raised in the reply motion lack merit, the motion will be denied.